[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11969
Non-Argument Calendar

_____

D. C. Docket No. 98-02631-CV-CC-1

JOSEPH HOUGH,

Plaintiff-Appellant,

versus

TINA O'NEAL,
Atlanta Probation Department,
TERRY JONES,
WILLIAM HARRISON,
GRADY HOSPITAL,
DOCTOR JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 22, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This case began on September 8, 1998, when appellant, proceeding pro se, filed a complaint for damages against three individuals and a hospital. Although appellant's complaint invoked the district court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), it contained a claim under 42 U.S.C. § 1983; hence, the complaint invoked the court's jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), as well.

On March 28, 2005, in an order addressing several motions, the district court dismissed appellant's § 1983 claim because appellant had failed to perfect service of process on the only defendant against whom the claim had been lodged, appellee Tina O'Neal. The court also dismissed the claims against appellees Jones and Harrison on the same ground, failure to perfect service of process. Hence, what remained in the case thereafter were appellant's § 1332 diversity claims – malpractice claims against Grady Hospital and Dr. John Doe.

On November 28, 2005, Grady Hospital moved the court for summary judgment on behalf of itself and Dr. Doe (who had yet to be served with process). The court granted the motion in a comprehensive order (which addressed several pending motions) on March 2, 2006 on the ground that it lacked subject matter jurisdiction, specifically diversity jurisdiction under § 1332. The court found

2

diversity jurisdiction lacking because (1) appellant conceded that he was a Georgia citizen, and (2) since the remaining defendants, Grady Hospital and Dr. Doe, were also Georgia citizens, § 1332 diversity requirement could not be satisfied. The court acknowledged that, in theory, it could have maintained jurisdiction under the supplemental jurisdiction statute, 28 U.S.C. § 1367, but concluded that because the malpractice claims did not "stem from the same common nucleus of operative fact" as the § 1983 claim against O'Neal, retention of those claims under § 1367 was inappropriate.

The district court's March 2 order is the focus of this appeal. Appellant challenges the court's resolution of the jurisdictional issues and complains of other rulings the court made – in the March 2 and earlier orders. We are satisfied that the court lacked diversity jurisdiction and that it did not abuse its discretion in declining to entertain the claims against Grady Hospital and Dr. Doe under its supplemental § 1367 jurisdiction. The court's judgment is therefore

AFFIRMED.[1]

---

[1] Our decision – that the district court lacked subject matter jurisdiction – renders moot the remaining issues appellant raises in his brief.